UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Lyle Witchley and Christine Witchley | RE:<br>380 Denmark Road, Brownfield, ME 04010 |
| Defendants<br>Maine Revenue Services<br>Midland Funding, LLC | Mortgage:<br>June 22, 2007<br>Book 535, Page 738 |
| Party-In-Interest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Lyle Witchley and Christine Witchley, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendants, Lyle

Witchley and Christine Witchley, are the obligor and the total amount owed under the terms of the Note is Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Christine Witchley, is a resident of Brownfield, County of Oxford and State of Maine.

6. The Defendant, Lyle Witchley, is a resident of Conway, County of Carroll and State of New Hampshire.

7. The Party-in-Interest, Maine Revenue Services, is located at c/o Kevin J. Crosman, Esq., Assistant Attorney General, 6 State House Station, Augusta, ME 04333.

8. The Party-in-Interest, Midland Funding, LLC, is located at 45 Memorial Circle, c/o Corporation Service Company, Augusta, ME 04330.

## FACTS

9. On November 29, 2005, by virtue of a Warranty Deed from Donald A. Mills and Robert A. Sanborn, which is recorded in the Oxford County Registry of Deeds in **Book 507, Page 163**, the property situated at 380 Denmark Road, County of Oxford, and State of Maine, was conveyed to the Defendants, Lyle Witchley and Christine Witchley, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On June 22, 2007, the Defendants, Lyle Witchley and Christine Witchley, executed and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $175,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on June 22, 2007, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., securing the property located at 380 Denmark Road, Brownfield, ME 04010 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 535, Page 738**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated November 3, 2011 and recorded in the Oxford County Registry of Deeds in **Book 591, Page 717**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On September 13, 2012, the Defendants, Lyle Witchley and Christine Witchley, executed a Home Affordable Modification Agreement which increased the principal amount of the

Note to $189,256.28 (herein after referred to as the "Loan Modification"). *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 11, 2013 and recorded in the Oxford County Registry of Deeds in **Book 610**, **Page 390**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated June 28, 2018 and recorded in the Oxford County Registry of Deeds in **Book 670**, **Page 965**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage dated March 4, 2019 and recorded in the Oxford County Registry of Deeds in **Book 678**, **Page 355**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On August 9, 2019, the Defendants, Lyle Witchley and Christine Witchley, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Lyle Witchley and Christine Witchley, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

19. The Defendants, Lyle Witchley and Christine Witchley, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $1,536.58 dated February 21, 2012, and recorded in the Oxford County Registry of Deeds in **Book 594**, **Page 755** and is in second position behind Plaintiff's Mortgage.

24. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $5,183.01 dated July 29, 2012, and recorded in the Oxford County Registry of Deeds in **Book 601**, **Page 5** and is in third position behind Plaintiff's Mortgage.

25. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $6,377.65 dated December 21, 2012, and recorded in the Oxford County Registry of Deeds in **Book 606**, **Page 831** and is in fourth position behind Plaintiff's Mortgage.

26. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $4,109.44 dated September 16, 2015, and recorded in the Oxford County Registry of Deeds in **Book 637**, **Page 553** and is in fifth position behind Plaintiff's Mortgage.

27. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $2,914.79 dated December 3, 2015, and recorded in the Oxford County Registry of Deeds in **Book 640**, **Page 485** and is in sixth position behind Plaintiff's Mortgage.

28. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $4,322.21 dated January 3, 2016, and recorded in the Oxford County Registry of Deeds in **Book 641**, **Page 556** and is in seventh position behind Plaintiff's Mortgage.

29. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $10,242.35 dated September 11, 2016, and recorded in the Oxford County Registry of Deeds in **Book 649**, **Page 372** and is in eighth position behind Plaintiff's Mortgage.

30. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $11,863.20 dated November 10, 2016, and recorded in the Oxford County Registry of Deeds in **Book 651**, **Page 688** and is in ninth position behind Plaintiff's Mortgage.

31. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $2,938.01 dated December 7, 2016, and recorded in the Oxford County Registry of Deeds in **Book 652**, **Page 356** and is in tenth position behind Plaintiff's Mortgage.

32. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $2,069.91 dated October 4, 2018, and recorded in the Oxford County Registry of Deeds in **Book 674**, **Page 373** and is in eleventh position behind Plaintiff's Mortgage.

33. Maine Revenue Services is a Party-in-Interest pursuant to a Tax Lien in the amount of $8,725.77 dated October 15, 2019, and recorded in the Oxford County Registry of Deeds in **Book 5487**, **Page 255** and is in twelfth position behind Plaintiff's Mortgage.

34. The total debt owed under the Note and Mortgage as of November 25, 2019 is Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,699.78 |
| Interest | $16,011.55 |
| Escrow/Impound Required | $12,736.56 |
| Late Fees | $303.10 |
| Total Advances | $12,883.89 |
| Deferred Amounts | $56,776.88 |
| Unapplied Funds | $-4,622.06 |
| Grand Total | $220,789.70 |

35. Upon information and belief, the Defendants, Lyle Witchley and Christine Witchley, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. This is an action for foreclosure respecting a real estate related Mortgage and title located at 380 Denmark Road, Brownfield, County of Oxford, and State of Maine. *See* Exhibit A.

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure upon the subject property.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

40. The Defendants, Lyle Witchley and Christine Witchley, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

41. The total debt owed under the Note and Mortgage as of November 25, 2019 is Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $126,699.78 |
| Interest | $16,011.55 |
| Escrow/Impound Required | $12,736.56 |
| Late Fees | $303.10 |
| Total Advances | $12,883.89 |
| Deferred Amounts | $56,776.88 |
| Unapplied Funds | $-4,622.06 |
| Grand Total | $220,789.70 |

42. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

43. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

44. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Lyle Witchley and Christine Witchley, on August 9, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

45. The Defendants, Lyle Witchley and Christine Witchley, are not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. On June 22, 2007, the Defendants, Lyle Witchley and Christine Witchley, executed and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $175,000.00. *See* Exhibit B.

48. The Defendants, Lyle Witchley and Christine Witchley, are in default for failure to properly tender the April 1, 2017 payment and all subsequent payments. *See* Exhibit I.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Lyle Witchley and Christine Witchley.

50. The Defendants, Lyle Witchley and Christine Witchley, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

51. The Defendants Lyle Witchley and Christine Witchley's breach is knowing, willful, and continuing.

52. The Defendants Lyle Witchley and Christine Witchley's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of November 25, 2019, if no payments are made, is Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,699.78 |
| Interest | $16,011.55 |
| Escrow/Impound Required | $12,736.56 |
| Late Fees | $303.10 |
| Total Advances | $12,883.89 |
| Deferred Amounts | $56,776.88 |
| Unapplied Funds | $-4,622.06 |
| Grand Total | $220,789.70 |

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. By executing, under seal, and delivering the Note, the Defendants, Lyle Witchley and Christine Witchley, entered into a written contract with Countrywide Home Loans, Inc. who agreed to loan the amount of $175,000.00 to the Defendants. *See* Exhibit B.

57. As part of this contract and transaction, the Defendants, Lyle Witchley and Christine Witchley, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

58. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

59. The Defendants, Lyle Witchley and Christine Witchley, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2017 payment and all subsequent payments. *See* Exhibit I.

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Lyle Witchley and Christine Witchley.

61. The Defendants, Lyle Witchley and Christine Witchley, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

62. The Defendants, Lyle Witchley and Christine Witchley, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust in the sum of Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to the Defendants.

63. Defendants Lyle Witchley and Christine Witchley's breach is knowing, willful, and continuing.

64. Defendants Lyle Witchley and Christine Witchley's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

65. The total debt owed under the Note and Mortgage as of November 25, 2019, if no payments are made, is Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,699.78 |
| Interest | $16,011.55 |
| Escrow/Impound Required | $12,736.56 |
| Late Fees | $303.10 |
| Total Advances | $12,883.89 |
| Deferred Amounts | $56,776.88 |
| Unapplied Funds | $-4,622.06 |
| Grand Total | $220,789.70 |

66. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned Defendants, Lyle Witchley and Christine Witchley, $175,000.00.  *See* Exhibit B.

69. The Defendants, Lyle Witchley and Christine Witchley, are in default for failure to properly tender the April 1, 2017 payment and all subsequent payments.  *See* Exhibit I.

70. As a result of the Defendants Lyle Witchley and Christine Witchley's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

71. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

72. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 71 as if fully set forth herein.

73. Countrywide Home Loans, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned the Defendants, Lyle Witchley and Christine Witchley, $175,000.00.  *See* Exhibit B.

74. The Defendants, Lyle Witchley and Christine Witchley, have failed to repay the loan obligation.

75. As a result, the Defendants, Lyle Witchley and Christine Witchley, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

76. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Lyle Witchley and Christine Witchley, are in breach of the Note by failing to make payment due as of April 1, 2017, and all subsequent payments;

d) Find that the Defendants, Lyle Witchley and Christine Witchley, are in breach of the Mortgage by failing to make payment due as of April 1, 2017, and all subsequent payments;

e) Find that the Defendants, Lyle Witchley and Christine Witchley, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Lyle Witchley and Christine Witchley, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Lyle Witchley and Christine Witchley have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to restitution;

j) Find that the Defendants, Lyle Witchley and Christine Witchley, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, for money had and received;

k) Find that the Defendants, Lyle Witchley and Christine Witchley, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Lyle Witchley and Christine Witchley, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Lyle Witchley and Christine Witchley, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Lyle Witchley and Christine Witchley;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Lyle Witchley and Christine Witchley, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in the amount of Two Hundred Twenty Thousand Seven Hundred Eighty-Nine and 70/100 ($220,789.70 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust,
By its attorneys,

Dated: November 8, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com